**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION**

| | |
|---|---|
| WILLIE TUCKER, | ) |
|       Petitioner | ) |
|       v. | ) No. 3:10cv277 |
| SUPERINTENDENT, INDIANA STATE PRISON, | ) |
|       Respondent. | ) |

**OPINION AND ORDER**

This matter is before the Court *sua sponte* pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Rule 4 requires the Court to review a habeas corpus petition, and dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . ." This rule provides the Court with a gatekeeping responsibility to sift through habeas corpus petitions and dismiss those petitions which obviously lack merit. For the reasons set forth below, the Clerk is **ORDERED** to **DISMISS** this petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court.

BACKGROUND

Petitioner Willie Tucker, a prisoner confined at the Indiana State Prison, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. According to the petition, a disciplinary hearing board ("DHB") found Tucker guilty of a

disciplinary infraction and imposed a sanction on him. Subsequently, an administrative board also imposed a loss of contact visitation on him for a period of one year as a result of the DHB's finding of guilt. Tucker challenges the loss of contact visitation.

DISCUSSION

Tucker filed this habeas corpus petition explicitly challenging his one year loss of visiting privileges imposed on July 6, 2009, by the Indiana Department of Corrections. He specifically states in his petition that "the Petitioner was denied Due Process when: the Defendants illegally imposed the sanction of (DOC) policy 02-01-102, loss of contact visiting privileges, without proof that the Petitioner actually violated a facility rule while in the visiting area. The Petitioner was found guilty of a conduct report that had nothing to do with the visiting area." (DE 1 at 3).

A prison disciplinary action can only be challenged in a habeas corpus proceeding where it lengthens the duration of confinement. *Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003). The Fourteenth Amendment's due process clause does not provide prisoners due process protections from sanctions that do not effect the duration of their confinement. *Sandin v. Conner*, 515 U.S. 472, 487, (1995)(distinguishing between a prison disciplinary sanction

that will inevitably affect the duration of the inmate's sentence and sanctions that do not affect the duration of his sentence).

The DHB did not impose the loss of contact visitation privileges Tucker challenges, and the loss of visitation privileges will not lengthen the duration of his confinement. Prisoners may not use 28 U.S.C. § 2254 to challenge prison disciplinary sanctions that do not effect the duration of their confinement. *Sylvester v. Hanks*, 140 F.3d 713 (7th Cir. 1998)

CONCLUSION

For the reasons stated in this order, the Court **DISMISSES** this petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court.

**DATED: November 9, 2010**       /S/RUDY LOZANO, Judge
                                  **United States District Court**